UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:17-cr-302T17TBM

18 U.S.C. § 2252(a)(4)(B)

CHARLES RUGGIERO

## INFORMATION

The Acting United States Attorney charges:

## COUNT ONE

From an unknown date, but at least from in or about May 2016, through and including on or about October 19, 2016, in the Middle District of Florida, and elsewhere, the defendant,

CHARLES RUGGERIO,

did knowingly access with intent to view a matter, which contained a visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, by any means including by computer, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct, and the depiction involved a prepubescent minor and a minor who had not attained 12 years of age, and the defendant had a prior conviction for

transporting and shipping child pornography, in violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1).

All in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon conviction of a violation of 18 U.S.C. § 2252(a)(4)(b), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

   a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

   b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

   c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. The property to be forfeited includes, but is not limited to, the

following:

    a. HP ProBook Laptop, with serial number 2CE41316JL; and

    b. Samsung Galaxy S6 Edge cellular telephone, model SM-G925V, with IMEI Number 990004865997898.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

                W. STEPHEN MULDROW
                Acting United States Attorney

By: _____
      Lisa M. Thelwell
      Assistant United States Attorney

By: _____
      Stacie B. Harris
      Assistant United States Attorney
      Chief, Major Crimes Section