UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA      :
                              :
                              :
                              :
v.                            :    Case No.:  8:17-CR-302-T-17CPT
                              :
                              :
                              :
CHARLES RUGGIERO              :
_____:

**<u>DEFENDANT CHARLES RUGGIERO'S SENTENCING MEMORANDUM</u>**

COMES NOW, the undersigned counsel, on behalf of the Defendant, CHARLES RUGGIERO, and files this his sentencing memorandum and in support states as follows:

I.     SENTENCING PROCESS

To arrive at a sentence that is sufficient but not greater than necessary and to comply with the purposes set forth in paragraph two of Title 18 United States Code Section 3553(a), the Defendant understands the Court will first calculate the Defendant's guideline sentence, next consider any departures based on the criteria set forth in the federal sentencing guidelines from Sections 5K1.1 to 5K3.1, and, finally, consider whether the sentence imposed should be different from either the federal sentencing guideline sentence or the departure sentence (if any), after considering the factors set forth in 18 United States Code Section 3553(a).

II.    PRESENTENCE INVESTIGATION REPORT

Undersigned counsel has one factual objection to the factual accuracy of the presentence investigation report. The Defendant recalls two instances of sexual abuse as a minor. The first instance of sexual abuse occurred when the Defendant was six to eight years of age and the

second instance of sexual abuse occurred when the Defendant was seventeen years old.

Undersigned counsel has no objections to the legal accuracy of the presentence investigation report.

III.   SECTION 5K1.1 OF THE FEDERAL SENTENCING GUIDELINES

On January 30, 2019 the government filed document 50, a substantial assistance downward departure motion pursuant to Section 5K1.1 of the United States Sentencing Guidelines with a request for a downward departure, on the Defendant's behalf. The Defendant joins in the government's expected request and respectfully asks this Honorable Court to grant the government's motion and sentence the Defendant below the ten-year minimum mandatory term of imprisonment in this case.

However, the Defendant requests this Honorable Court hear argument as to the extent of the downward departure. Given the sensitive and extensive nature of his cooperation, the Defendant has intentionally not put forth all currently available information in this publicly available document. However, both the Defendant and undersigned counsel are prepared to address this issue at sentencing to assist this Honorable Court in making a proper and just determination as to the extent of the downward departure.

When analyzing the Defendant's cooperation under United States Sentencing Guideline Section 5K1.1, the Defendant respectfully directs this Honorable Court to the following relevant guideline language:

> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines. The appropriate reduction shall be determined by the district court for reasons stated that may include, but are not limited to, consideration of the following:

1. the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

2. the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

3. the nature and extent of the defendant's assistance;

4. any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance.

Enclosed please find the Defendant's trial testimony in the *State of Florida v. Terry Dewayne White*, Pinellas County Circuit Court Case Number CRC-17-11582-CFANO. It includes direct examination, cross-examination and re-direct examination. Please note that while not included as an exhibit, the Defendant's private investigator, Gerardo "Jerry" Rivera, also testified as a prosecution witness in the *White* trial.

Enclosed please find the prosecution's closing argument, the defendant White's counsel's closing argument and the prosecutor's rebuttal argument in the *State of Florida v. Terry Dewayne White*, Pinellas County Circuit Court Case Number CRC-17-CF-11582-CFANO.

The Defendant is scheduled to be a prosecution witness in a second degree murder case in the *State of Florida v. Jamal Hodges*, Pinellas County Circuit Court Case Number CRC-18-CF-04974-CFANO. A pretrial conference is scheduled for February 22, 2019 at 8:30 am before the Honorable Joseph A. Bulone, Circuit Court Judge. The *Hodges* trial is scheduled for Tuesday, February 26, 2019.[1]

IV.   DOWNWARD VARIANCE ANALYSIS

---

[1] The Defendant does not request a continuance of his sentencing to complete his cooperation as ordered by his plea agreement. Instead, in the interest of judicial economy and taxpayer expense, the Defendant respectfully requests this Honorable Court schedule a status conference/Rule 35 hearing 30 days from the Defendant's February 20, 2019 sentencing. This will allow the Defendant to complete his obligations in the *Hodges* trial so the government may assess his cooperation for a Rule 35 substantial assistance motion. Should the government file a substantial assistance motion for the Defendant's *Hodge's* cooperation, the Defendant will still be in the custody of the United States Marshal and it will in turn be very easy to return him to court before he is returned to federal prison to serve his federal sentence.

Undersigned counsel is fully aware this Honorable Court understands the law regarding the discretion it has at federal sentencing based upon the advisory nature of the federal sentencing guidelines pursuant to *United States v. Booker*, 543 U.S. 220, 245-67 (2005), *Rita v. United States*, 127 S.Ct. 2456 (2007), *Kimbrough v. United States*, 128 S.Ct. 558 (2007), and *Gall v. United States*, 552 U.S. 38, 53 (2007). As such, there will not be an in-depth analysis of this relevant law in this memorandum. Undersigned counsel is also fully aware this Honorable Court will read the presentence investigation report prior to the Defendant's sentencing and will not simply regurgitate the information contained within it in this memorandum in the form of the ultimate sentencing request. Undersigned counsel will however highlight several facts from the presentence investigation report and in turn make legal arguments relevant to imposing a just sentence.

What follows is the Defendant's analysis of those factors.

Enclosed please find a forensic psychological report of the Defendant by Doctor Valerie R. McClain, Psy.D.

Enclosed please find a forensic polygraph examination and report of the Defendant conducted and prepared by David P. Bryant, Certified Forensic Polygraph Examiner.

V.     SENTENCING POSITION

The issue therefore before this Honorable Court is whether a sentence of 120 months is sufficient but not greater than necessary to comply with the law. Once this Honorable Court calculates the Defendant's final offense level under the advisory federal sentencing guidelines, based on the criteria set forth in the federal sentencing guidelines from Sections 5K1.1 to 5K3.1, and then considers whether the sentence imposed should be different from either the federal sentencing guideline sentence or the departure sentence (if any), after considering the factors set

forth in 18 United States Code Section 3553(a), the Defendant respectfully suggests a sentence of 120 months is unreasonable.

The Defendant's true federal sentencing guideline range is 87 months to 108 months but this is trumped, *or trampled*, as stated above, by the minimum mandatory penalty of 120 months. The Defendant understands the district court must start the substantial assistance reduction from the first point on the federal sentencing guidelines table a one hundred and twenty month sentence is mentioned. For a criminal history category III, this is an offense level of 28 (97 to 121 months). Therefore, based upon an offense level 24 and a criminal history category of III, the Defendant respectfully requests a sentence of no greater than 63 months to 78 months in federal prison.

VI.   REQUESTS FOR JUDICIAL RECOMMENDATIONS

The Defendant understands that judicial recommendations are just that – mere judicial *recommendations*. There is no guarantee that a judicial recommendation will result in action. However, relevant law and prison policy state more weight is given to a judicial recommendation if there is a factual basis on the record for the judicial recommendation.[2]

The Defendant respectfully requests a recommended designation of a federal prison as close as possible to Tampa, Florida. As a factual basis for this recommendation, the Defendant's family and friends all reside in the Tampa, Florida area. The love and support resulting from the

---

[2] The Bureau of Prisons welcomes judicial recommendations and, by statute and its own policy, is required to consider them. *See* 18 U.S.C. Section 3621 and Program Statement 5100.08, "Inmate Security Designation and Custody Classification". Pursuant to the above statute, the Bureau of Prisons is required to consider the type of offense, the length of sentence, the defendant's age, the defendant's release residence, the need for medical or other special treatment, any placement recommendation made by the court, and all guidance issued by the United States Sentencing Guidelines. Therefore, while the Bureau of Prisons has the sole authority to designate the place of confinement for federal prisoners, if a defendant's judgment and conviction indicates the district court's preference for housing the inmate within a specific institution, geographic area, or specialized program, it must be considered and every effort will be made to fulfill the district court's recommendation request should there be reasons on the record to support the request.

Defendant's family and friends being able to visit the Defendant while he is in custody will allow him a greater chance of positive matriculation through the federal prison system.

The Defendant requests participation in the 500 Hour Residential Drug Abuse Program (RDAP). As a factual basis for this recommendation, there is ample evidence of the Defendant's struggles with drug and alcohol addiction on pages thirteen and fourteen, paragraphs seventy-three and seventy-four of his presentence investigation report.

## CONCLUSION

WHEREFORE, the Defendant, CHARLES RUGGIERO, by and through his undersigned counsel respectfully requests this Honorable Court will grant the requested relief/and or any other relief deemed necessary.

Respectfully submitted,

By: /s/ Mark J. O'Brien
Mark J. O'Brien, Esquire
Florida Bar No.: 0160210
511 West Bay Street
Suite 330
Tampa, Florida 33606
Direct:          (813) 228-6989
Email: mjo@markjobrien.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on February 15, 2019 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

By: /s/ Mark J. O'Brien