UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA  :

                                      :

                                      :

v.                                    :           Case No.:      8:17-CR-302-WFJ-CPT

                                        :

                                      :

CHARLES RUGGIERO        :

_____:

**DEFENDANT CHARLES RUGGIERO'S**
**MOTION TO REDUCE SENTENCE BASED ON COVID-19**

COMES NOW, the Defendant, CHARLES RUGGIERO, by and through his undersigned counsel, and respectfully moves the Court pursuant to 18 U.S.C. § 3582(c)(1)(A) to modify Defendant's term of imprisonment to time served and to impose a special condition that will allow the Defendant to serve a period of home confinement on supervised release.

Such a modification will effectively allow him to finish the remaining portion of his prison sentence on home confinement, which will in turn allow him to protect himself from the spread of the novel coronavirus 2019 ("COVID-19") by sheltering in place at his residence in light of the COVID-19 pandemic. In support thereof, undersigned counsel states as follows:

1.      On February 21, 2019, the Defendant was sentenced to sixty (60) months imprisonment followed by a term of life of supervised release after pleading guilty to one count of Access with Intent to View Child Pornography in violation of 18 U.S.C. § 2252(a)(1), (b)(1) and (b)(2) and (a)(4)(B).

        a.      At the time of his sentencing, the government requested a two-level departure based

              upon 5K1.1, which was granted by this honorable court.

2.      The Defendant was ordered into the custody of the Bureau of Prisons after the conclusion of a Rule 35 Status Hearing on April 11, 2019.

      a.      The Defendant was sent to FCI Jesup in Georgia where his register number is 50346-018.

      b.      His current release date is December 5, 2021.

3.      On March 9, 2020, the Bureau of Prisons, issued a memo regarding the COVID-19 Response.[1]

      a.      The memo outlines that they are "utilizing guidance from the World Health Organization (WHO), the Centers for Disease Control (CDC), the Office of Personnel Management (OPM), DOJ and the Office of the Vice President.

      b.      The BOP's Incident Action Plan includes but is not limited to the COOP plans, supplies, inmate movement, visitation, staff training, and official staff travel.

      c.      The ICS Command Center conducts daily briefings and provides updates to senior management. BOP institutions, as a matter of policy and procedure, have pandemic plans for preparedness "in the event of any infectious disease outbreak".

4.      Despite the BOP's best effort to 'flatten the curve', it is simply impossible for inmates at FCI Jesup, or any other BOP institution, to effectively follow the CDC's published advice that individuals socially distance themselves from other individuals.

5.      Significantly, the closely quartered FCI Jesup prison environment does not permit inmates from separating from other inmates by at least six feet.

      a.      Additionally, inmates are still facing exposure while receiving meals, medication, interaction with BOP staff, and/or using bathroom facilities.

---

[1] https://www.bop.gov/coronavirus/overview.jsp#bop_covid-19_response

6.      The BOP has not reported any data as it relates to FCI Jesup, throughout the ongoing COVID-19 pandemic.

        a.      Undersigned counsel submits, that although the BOP has a plan in place to prevent the spread of COVID-19, it is a futile step to combatting the spread of this virus, and that the attached curve chart (See Exhibit 1) demonstrates that despite the BOP's best effort does not have a handle on preventing the spread of COVID-19.

7.      18 U.S.C. § 3582(c)(1)(A) permits a defendant to file a motion with the Court following an adverse determination of an inmate's request that the BOP file a motion to modify the inmate's sentence, or 30 days from BOP's receipt of a request that it file such a motion.

        a.      The Defendant filed his administrative request to the BOP on May 2, 2020.

        b.      The Defendant received a denial response on May 15, 2020. (See Exhibit 2).

8.      The denial response by the BOP does not adhere to 28 CFR. § §571.63, which states in part, "…When in inmate's request is denied by the Warden, the inmate will receive written notice and a statement of reasons for the denial." 28 CFR. § §571.63. (See Exhibit 3).

8.      Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may modify a term of imprisonment upon a finding that there are "extraordinary and compelling reasons" to merit a reduction.

9.      We respectfully submit that the Defendant's health concerns as it relates to the COVID-19 pandemic, and due to the unprecedented public health crisis posed by the COVID-19 pandemic, provide for an extraordinary and compelling reason to modify the Defendant's sentence to permit his immediate release to home confinement.

        a.      The COVID-19 pandemic, is an extraordinary and compelling reason in which the rate of spread, and death toll is unprecedented and could not have reasonably been foreseen by the court at the time of sentencing.

      b.        At the time of sentencing, the Defendant had a total offense level of 27, and a criminal history category of III, with a guideline range of 87 to 108 months.

10.     On April 22, 2020, the BOP issued a new memorandum[2] detailing the criteria for inmates to be released to home confinement, the BOP is assessing these factors, however, compassionate release motions prior to the COVID-19 pandemic took months to review, and in short, the Defendant should not have to wait that long on what could be a death sentence should she contract COVID-19.

      a.        The Defendant has no disciplinary history;

      b.        The Defendant has a verifiable release plan;

      c.        The Defendant does not have a detainer;

      d.        The Defendant is currently imprisoned at FCI Jesup; and

      e.        The Defendant will reside with his parents at a residence that has previously been approved by U.S. Probation Services.

11.     The Defendant's circumstances would constitute "extraordinary and compelling reasons" even before the First Step Act's passage under USSG § 1B1.13, but now that the court has discretion to determine which set of facts constitutes "extraordinary and compelling reasons," there is simply no reason why increased exposure to a pandemic outbreak would not qualify.

12.     We have conferred with counsel for the United States and Assistant United States Attorney Lisa Thelwell, who has indicated that she needs to review the BOP records prior to taking a position on this motion.

---

[2] https://famm.org/wp-content/uploads/bop-memo-4.23.2020.pdf

13.     Whatever punishment the Court intended for the Defendant has been learned a hundredfold. There is no need to jeopardize the Defendant's life, given the totality of the circumstances in this case.

WHEREFORE, it is respectfully requested that the Court reduce the Defendant's term of imprisonment to time served and impose a special condition that the Defendant serve a period of home confinement while on supervised release that will effectively allow him to finish the remaining portion of his prison sentence on home confinement, where he will be in a position to better protect himself from exposure to COVID-19.

## **CONCLUSION**

WHEREFORE, the Defendant, CHARLES RUGGIERO, by and through his undersigned counsel, prays this Honorable Court will grant the relief requested and/or any other relief deemed necessary.

By: /s/ Mark J. O'Brien
Mark J. O'Brien, Esquire
Florida Bar No.: 0160210
Bayshore Center
511 West Bay Street
Suite 330
Tampa, Florida 33606
Direct:        (813) 228-6989
Email: mjo@markjobrien.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on June 9, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

By: /s/ Mark J. O'Brien